J-S08030-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOMENIQUE THOMAS WILSON AKA DONMONIC THOMAS WILSON | : | |
| | : | |
| | : | No. 1184 MDA 2023 |
| Appellant | : | |

Appeal from the PCRA Order Entered July 18, 2023
In the Court of Common Pleas of Clinton County Criminal Division at
No(s): CP-18-CR-0000148-2009

BEFORE: OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.: **FILED APRIL 15, 2024**

Domenique Thomas Wilson, a.k.a. Donmonic Thomas Wilson (Appellant), appeals from the order denying his fifth petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Appellant's counsel (Counsel) has filed a petition to withdraw as counsel and a **_Turner/Finley_**[1] "no-merit" letter. We grant Counsel's petition to withdraw and affirm the PCRA court's order.

In 2009, Appellant broke into an apartment occupied by three women, raped two of the women, and stole their debit cards, credit cards, and cell

---

[*] Former Justice specially assigned to the Superior Court.

[1] **_See Commonwealth v. Turner_**, 544 A.2d 927 (Pa. 1988); **_Commonwealth v. Finley_**, 550 A.2d 213 (Pa. Super. 1988) (_en banc_).

phones. Appellant fled the scene. He later withdrew money from one victim's bank account and attempted to make purchases with one of the stolen credit cards. On February 13, 2009, shortly after 2:00 p.m., police arrested Appellant pursuant to a bench warrant.[2] Thereafter, Appellant was taken to the police station. Police requested three search warrants, which were issued between approximately 8:50 and 9:00 p.m. the same day. After executing the search warrants, police obtained, *inter alia*, DNA linking Appellant to the above-described crimes. The Commonwealth charged Appellant, via a 37-count criminal information, with various sexual and theft-related offenses.

A jury convicted Appellant of all 37 charged offenses. On June 7, 2010, the trial court sentenced Appellant to an aggregate 70 to 196 years in prison. This Court subsequently affirmed Appellant's judgment of sentence. **See Commonwealth v. Wilson**, 38 A.3d 911, 1116 MDA 2010 (Pa. Super. filed Nov. 3, 2011) (unpublished memorandum). Appellant did not seek allowance of appeal in the Pennsylvania Supreme Court.

Over the next decade, Appellant unsuccessfully litigated four PCRA petitions.

---

[2] Included with the February 13, 2009, search warrants are bench warrants issued at two 2007 magisterial district court dockets. At MD-0000089-07, the magisterial district court issued a bench warrant based on Appellant's failure to appear as a subpoenaed witness in his co-defendant's summary trial. "It is this [w]arrant that was executed … on February 13, 2009." PCRA Court Opinion, 10/7/22, at 6.

On October 21, 2022, Appellant, *pro se*, filed the instant PCRA petition. Appellant alleged, as he had in his fourth PCRA petition, that he had never received a copy of the bench warrant underlying his arrest. Appellant additionally argued that officers conducted an illegal search of his person at the police station before issuance of the search warrants. **See** PCRA Petition, 10/21/22, at 3-4; **see also id.** at 3 (stating the search included taking "nude photographs of my naked body" without a search warrant or probable cause)). Appellant also asserted his first PCRA counsel was ineffective for failing to obtain a copy of the bench warrant.[3]

The PCRA court appointed Counsel to represent Appellant and directed Counsel to file an amended PCRA petition. The Commonwealth filed a motion to dismiss Appellant's fifth PCRA petition as untimely filed. In lieu of filing an amended PCRA petition, Counsel filed a motion for leave to withdraw from representation and a **Turner**/**Finley** "no-merit" letter. On May 2, 2023, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's PCRA petition without a hearing. The PCRA court also directed Counsel to

---

[3] Appellant purported to challenge first PCRA counsel's ineffectiveness under the Pennsylvania Supreme Court's decision in **Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021) (holding "a PCRA petitioner may, after a PCRA court denies relief and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." (footnote omitted)).

provide Appellant with the **Turner**/**Finley** letter and Rule 907 notice.[4] Counsel complied.

On May 19, 2023, Appellant filed a lengthy *pro se* petition for writ of *habeas corpus*, arguing that evidence obtained by police during the initial illegal search was referenced in the affidavits of probable cause submitted with the bench warrant applications. **See** Petition for Writ of *Habeas Corpus*, 5/19/23, at 11 (unnumbered).[5] Appellant also argued, in part, that all prior counsel were ineffective. Appellant alleged that Counsel made false statements in his **Turner**/**Finley** letter. As directed by the PCRA court, the parties filed supplemental responses to certain portions of Appellant's *pro se habeas corpus* petition.[6]

The PCRA court conducted a hearing on Appellant's PCRA petition. The PCRA court ultimately denied the petition on July 18, 2023. Appellant filed a timely notice of appeal. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

_____

[4] The PCRA court did not grant Counsel's request to withdraw.

[5] In its disposition of Appellant's fourth PCRA petition, the court explained that the affidavits of probable cause included a statement that Appellant "is circumcised and had very short, trimmed pubic hair." PCRA Court Opinion, 10/7/22, at 6.

[6] The PCRA court addressed Appellant's *pro se habeas corpus* petition simultaneously with his fifth PCRA petition.

On December 15, 2023, Counsel filed in this Court a petition to withdraw as counsel and accompanying **Turner**/**Finley** "no-merit" letter.

Before reviewing the merits of Appellant's claim, we must examine Counsel's request to withdraw. **See Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012). "Counsel petitioning to withdraw from PCRA representation … must review the case zealously." **Id.** (citation omitted).

> The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, … then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit….

**Commonwealth v. Reed**, 107 A.3d 137, 140 (Pa. Super. 2014) (citation omitted). Additionally, counsel must serve his client with the petition to withdraw and no-merit letter, and he must inform his client of his right to proceed *pro se* or retain private counsel. **See id.**

Here, the record confirms that Counsel served Appellant with a copy of the petition to withdraw and no-merit letter. The letter properly details Counsel's review of the record and concludes that all possible issues would be frivolous to raise on appeal. Counsel further provided an explanation of Appellant's right to raise additional claims by proceeding *pro se* or by retaining private counsel. Therefore, we conclude that Counsel complied with the dictates of **Turner**/**Finley**.

In the **Turner**/**Finley** letter, Counsel raised the issue of whether the search warrant relied on illegally obtained evidence (*i.e.*, police conducted the search before the warrants were issued) and should have been suppressed. **See Turner**/**Finley** Letter at 13.[7]

We review the denial of Appellant's PCRA petition to determine "whether the PCRA court's findings of fact are supported in the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Busanet**, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." **Id.**

Prior to reaching the merits of Appellant's claim, we must consider the timeliness of his PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014). The PCRA's timeliness requirements are jurisdictional, and courts lack jurisdiction to address claims raised in untimely petitions. **See Commonwealth v. Liebensperger**, 904 A.2d 40, 45 (Pa. Super. 2006). A PCRA petition "shall be filed within one year of the date the

---

[7] Appellant did not retain private counsel or file a *pro se* appellate brief. However, Appellant submitted additional *pro se* documents. In a letter to the PCRA court (which was forwarded to this Court and received on March 1, 2024), Appellant identifies evidence which, he believes, establishes a witness was in Texas at the time of the offenses. The witness did not testify at trial. Rather, the witness identified Appellant from a photograph displayed on the local news. Appellant also mailed a letter to this Court inquiring about the status of this case. Neither *pro se* document identifies additional claims Appellant wishes to pursue on appeal.

judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes final, for purposes of PCRA review, "at the conclusion of direct review, including discretionary review in the … Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3).

It is undisputed that Appellant's PCRA petition is patently untimely, as his judgment of sentence became final in December 2011, when the time for seeking allowance of appeal to our Supreme Court expired. *See* Pa.R.A.P. 1113(a) (providing a petition for allowance of appeal must be filed within 30 days after the entry the Superior Court's order). A court may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition invoking an exception "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

Appellant attempts to invoke the newly-discovered fact exception set forth at 42 Pa.C.S.A. § 9545(b)(1)(ii). Appellant claims the bench warrant issued at MD-0000089-07 constitutes a newly-discovered fact, because he did not obtain a copy of it until after the hearing on his fourth PCRA petition. PCRA Petition, 10/21/22, at 3.

The newly-discovered fact exception set forth at 42 Pa.C.S.A. § 9545(b)(1)(ii) requires a "petitioner to allege and prove that there were 'facts'

that were 'unknown' to him and that he exercised 'due diligence.'" ***Commonwealth v. Bennett***, 930 A.2d 1264, 1270 (Pa. 2007); ***see also*** 42 Pa.C.S.A. § 9545(b)(1)(ii). "The focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) (citation and quotation marks omitted).

Instantly, despite Appellant's focus on the *bench* warrant, the crux of his argument is that police illegally searched him prior to the issuance of the *search* warrants. **See** N.T., 7/12/23, at 10 (Appellant asking whether the bench warrant gave police authority "to do what they had done to me under the bench warrant status?"); ***see also*** PCRA Petition, 10/21/22, at 4 (arguing Appellant could not establish the search was illegal without the bench warrant). Appellant acknowledged he told "every attorney" about the search, including his trial and first PCRA counsel. N.T., 7/12/23, at 11. Thus, the fact that police performed a search prior to issuance of the search warrants is not a newly discovered fact. Further, Appellant has not established that the bench warrant issued at MD-0000089-07 was necessary to support an illegal search claim. ***See generally Turner/Finley*** Letter at 17-18 (stating Appellant "is mistaken as to which warrant [] he should have challenged in that the bench warrant … was not the correct warrant to attack to establish that his constitutional rights were violated." (some capitalization modified)).

Moreover, to the extent Appellant wishes to collaterally attack his first PCRA counsel's failure to raise an issue concerning the search via **Bradley**, this claim is unavailing. This Court has explained that "**Bradley** does not provide an exception to the PCRA's time bar[.]" **Commonwealth v. Stahl**, 292 A.3d 1130, 1136 (Pa. Super. 2023); **see also Commonwealth v. Pridgen**, 305 A.3d 97, 102 (Pa. Super. 2023) (reviewing unpublished memoranda declining to extend **Bradley** to cases involving untimely PCRA petition).

Appellant's fifth PCRA petition is facially untimely, and Appellant failed to establish a statutory exception to the timeliness requirement. As the PCRA court properly applied the law to these facts, we discern no abuse of discretion. Further, our independent review of the certified record does not reveal any other meritorious issues. **See Reed**, 107 A.3d at 140. Accordingly, we grant Counsel's petition to withdraw and affirm the order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/15/2024

- 9 -